IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roy Allen Roberts, | ) | C/A No. 0:10-865-HFF-PJG |
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Tim Riley, Warden of the Tyger River Correctional Institution, | ) | |
| Respondent. | ) | |

The petitioner, Roy Allen Roberts ("Roberts"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment.[1] (ECF No. 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 27.) Roberts filed a response in opposition to the respondent's motion. (ECF No. 29.) Having carefully considered the parties' submissions and the record in this case, the court finds that Roberts's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

Roberts was indicted in November 2001 in Dorchester County for felony driving under the influence ("DUI") (death) (01-GS-18-1066), driving under suspension (third offense) (01-GS-18-

---

[1] Also pending before the court is Roberts's motion in which he requests to continue to be housed at the Tyger River Correctional Institute. (ECF No. 18.) To the extent Roberts seeks an order of the court directing the Department of Corrections to continue to house him at any specific facility, the court recommends that this motion be denied. See Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

1067), and habitual traffic offender (01-GS-18-1068). (App. at 36-41, ECF No. 26-1 at 38-43.) Roberts was represented by Marva A. Hardee-Thomas, Esquire, and on January 29, 2002 pled guilty as charged. (App. at 13-14, ECF No. 26-1 at 15-16.) The circuit court sentenced Roberts to fifteen years' imprisonment for felony DUI (death) with a fine of $10,000, five years' imprisonment for habitual traffic offender, and 180 days' imprisonment for driving under suspension (third offense), all sentences to be served concurrently to one another. (App. at 33, ECF No. 26-1 at 35.)

Roberts filed a direct appeal and was represented by Daniel T. Stacey, Esquire, Chief Attorney for the South Carolina Office of Appellate Defense, who filed an Anders[2] brief on Roberts's behalf. (ECF No. 26-3.) Roberts filed a *pro se* response to the Anders brief. (ECF No. 26-4.) On September 29, 2003, the South Carolina Court of Appeals dismissed Roberts's appeal. (State v. Roberts, 2003-UP-563 (S.C. Ct. App. Sept. 29, 2003), ECF No. 26-5.) The remittitur was issued on November 4, 2003. (ECF No. 26-6.)

On August 24, 2004, Roberts, through counsel James T. McBratney, Jr., Esquire, filed an application for post-conviction relief ("PCR"). (Roberts v. State of South Carolina, 04-CP-18-1408, App. at 42-50, ECF No. 26-1 at 44-52.) The State filed a return. (App. at 51-57, ECF No. 26-1 at 53-59.) On November 5, 2007, the PCR court held an evidentiary hearing at which Roberts appeared and was represented by Clyde Pennington, Esquire. (App. at 58-129, ECF No. 26-1 at 60 through ECF No. 26-2 at 54.) By order filed December 11, 2007, the PCR judge denied Roberts's PCR application. (App. at 131-38; ECF No. 26-2 at 56-63.)

---

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

In his PCR appeal, Roberts was represented by Elizabeth A. Franklin-Best, Esquire, who filed a petition for a writ of certiorari on July 15, 2008. (ECF No. 26-7.) The State filed a return. (ECF No. 26-8.) In an order filed December 2, 2009, the South Carolina Supreme Court of Appeals denied Roberts's petition for a writ of certiorari. (ECF No. 26-11.) The remittitur was issued December 18, 2009. (ECF No. 26-12.)

Roberts filed the instant petition for a writ of habeas corpus on April 5, 2010. (ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that Roberts's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Roberts filed a direct appeal, his conviction became final on November 4, 2003, the date the South Carolina Court of Appeals entered the remittitur.[3] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began

---

[3] Because Roberts did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009, the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Roberts's direct appeal. Therefore, South Carolina Supreme Court discretionary review was available and a prerequisite to seeking certiorari review from the United States Supreme Court.

to run on November 5, 2003 and expired on November 4, 2004, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

Roberts filed a state PCR application on August 24, 2004. At that point, 293 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the Roberts's PCR action until December 19, 2009, when the South Carolina Court of Appeals issued the remittitur from its order denying Roberts's certiorari petition. At this time, Roberts had 72 days of statutory time remaining, which means that Roberts had until March 1, 2010 to file a timely federal habeas corpus petition.

Roberts's federal Petition was filed on April 5, 2010.[4] Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Roberts filed his federal habeas Petition over one month (35 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A).

In his response to the respondent's motion for summary judgment, Roberts primarily presents arguments pertaining to the merits of his Petition. (ECF No. 29.) Roberts indicates in his Petition that he believes his Petition is timely filed because "my final judgement [*sic*] of conviction was on

---

[4] There is no stamp from the prison mailroom on the envelope containing the Petition. Roberts, however, verifies on the Petition's signature page that his Petition was placed in the prison mailing system on April 5, 2010. (ECF No. 1 at 15); see Houston v. Lack, 487 U.S. 266 (1988).

December 2, 2009." (ECF No. 1 at 14.) To the extent Roberts is arguing that the statute of limitations should not begin to run until the conclusion of his PCR appeal, such an argument fails. Section 2244(d)(1)(A) is clear that the one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Accordingly, as discussed above, Roberts's Petition is untimely.

## RECOMMENDATION

Based upon the foregoing, the court finds that Roberts's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 25) be granted and that Roberts's motion ( No. 18) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 15, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).